UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
     **JUDGE**

## LETTER OPINION

January 13, 2012

Bryan Paul Couch
Clyde & Co US LLP
200 Campus Drive
Suite 300
Florham Park, NJ 07932
     *(Attorney for Plaintiff)*

    RE:   *Days Inns Worldwide, Inc. v. Platinum Hospitality Group, LLC, et al.*
              Civil Action No. 10-06454 (WJM)

Dear Counsel:

    This matter comes before the Court on Plaintiff's motion for default judgment. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's motion is **GRANTED** in part, and **DENIED** in part.

## I.   BACKGROUND

    The following facts are established by the Complaint, the motion for default judgment, and the exhibits attached thereto. Plaintiff is Days Inns Worldwide, Inc. ("DIW"). Defendants are Platinum Hospitality Group, LLC ("Platinum"), and its principals, Nizar Hemani, Altaf Hemani, Nizar ("Nick") Hemani, Mohammed Hemani, and Nasiruddin Hemani (collectively, "Defendants"). Plaintiff commenced this action on December 13, 2010. *See* ECF No. 1. Plaintiff served the Summons and Complaint on Defendant Altaf Hemani on December 28, 2010, served Platinum and Nick Hemani on December 29, 2010, and served Nizar Hemani on January 11, 2011. *See* ECF Nos. 5, 10, 11. It appears that the Summons and Complaint were never served on Nasiruddin Hemani or Mohammed Hemani. Plaintiff filed an Amended Complaint on February 22, 2011. *See* ECF No. 16.

On March 8, 2011, the law firm Sonnenblick, Parker & Selvers, P.C. filed an Answer to the Amended Complaint on behalf of Platinum, Nizar Hemani, Altaf Hemani, Nick Hemani, and Nasiruddin Hemani (the "Five Defendants").  *See* ECF No. 17.  On July 20, 2011, this Court granted Sonnenblick, Parker & Selvers, P.C.'s motion to withdraw as counsel.  *See* ECF No. 26.  Thereafter, Defendants failed to retain substitute counsel and repeatedly failed to comply with Court orders.  Report and Recommendation at 2-3, ECF No. 32.  As a result, on October 7, 2011, the Court struck the Answer from the record, and the Clerk entered a Default against the Five Defendants pursuant to Federal Rule of Civil Procedure 55(a).  *See* ECF No. 33.  Plaintiff filed the instant motion for default judgment on November 22, 2011 and served the motion on the Five Defendants.  *See* ECF No. 34.  No opposition has been filed.

## II.   DISCUSSION

### A.   Standard of Review

Federal Rule of Civil Procedure 55 governs default.  After the Clerk's entry of default pursuant to Rule 55(a), a plaintiff may seek the Court's entry of default pursuant to Rule 55(b)(2).  *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).  "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Id.* (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).  To make these determinations, the Court should accept as true the well-pleaded factual allegations of the complaint, although the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages.  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008).

### B.   Default Judgment is Appropriate With Respect to the Five Defendants

After a review of the record, the Court determines that Plaintiff has satisfied the requirements for a default judgment with respect to the Five Defendants.  The record reflects that Platinum, Nizar Hemani, Altaf Hemani, and Nick Hemani were properly served with the Summons and Complaint and with the motion for default judgment.  *See* ECF Nos. 5, 10-11, 34.  It appears that Nasiruddin Hemani was not served with the Summons and Complaint.  However, Nasiruddin Hemani filed an Answer to the Complaint and did not object to the timeliness or effectiveness of service under Rule 12(b)(5).  *See* ECF No. 17.  Accordingly, that objection is waived.  *See Government of the Virgin Islands v. Sun Island Car Rentals, Inc.*, 819 F.2d 430, 433 (3d Cir. 1987) (defective service waived if not challenged in first defensive pleading).  Nasiruddin Hemani was properly served with the motion for default judgment.  *See* ECF No. 34.  Despite being on notice of the proceedings, none of the Five Defendants have taken any

actions to defend the litigation since August 1, 2011, when their counsel withdrew from the representation. *See* Report and Recommendation at 2-3. As such, entry of a default judgment is appropriate. *See Palmer v. Slaughter*, No. 99-899, 2000 U.S. Dist. LEXIS 22118, 2000 WL 1010261, at *2 (D. Del. July 13, 2000) (When a defendant has "failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate.").

An analysis of the *Doug Brady* factors also compels an entry of default judgment. First, the Court finds that there is no basis for the Five Defendants to claim a meritorious defense. Plaintiff provided ample evidence that these Defendants entered into a license agreement with Plaintiff and subsequently breached that agreement. *See* Am. Compl. Exs. 1-8; Aff. of Suzanne Fenimore ("Fenimore Aff."), ECF No. 34-3; *see also Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011). Second, it is clear that Plaintiff has been prejudiced by Defendants' failure to answer, as Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Third, the culpability of Defendants is clear where, as here, they have repeatedly failed to comply with court orders despite warnings that such a failure would result in sanctions. *See* Report and Recommendation at 2; *see also Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

Plaintiff has requested damages totaling $1,265,213.84, comprised of the following:

(1) $321,843.77 in recurring fees (including prejudgment interest);
(2) $929,884.88 in liquidated damages (including prejudgment interest); and
(3) $13,485.19 in attorneys' fees and costs.

The Court finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b), and has submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2. *See* Fenimore Aff. ¶¶ 29-39; Fenimore Aff. Exs. A, J, and K. Accordingly, Plaintiff is entitled to a default judgment with respect to the Five Defendants.

### C. Default Judgment is Not Appropriate With Respect to Mohammed Hemani

The Court has not been made aware of any evidence that Defendant Mohammed Hemani was served with the Summons and Complaint within 120 days after the Complaint was filed, as required by Federal Rule of Civil Procedure 4(m). In fact, it appears that Mohammed Hemani was never served with the Summons and Complaint or

the motion for default judgment.  As such, the Court finds that Mohammed Hemani has a meritorious defense; namely, insufficient service of process.  *See* Fed. R. Civ. P. 12(b)(5).  Accordingly, the motion for default judgment is denied with respect to Mohammed Hemani and Plaintiff will be given 30 days from the entry of this Court's Order to serve him with the Summons and Complaint.  *See* Fed. R. Civ. P. 4(m).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED** in part, and **DENIED** in part.  Specifically, the motion for default judgment is granted with respect to Defendants Platinum, Nizar Hemani, Altaf Hemani, Nick Hemani, and Nasiruddin Hemani.  Judgment shall be entered against Platinum, Nizar Hemani, Altaf Hemani, Nick Hemani, and Nasiruddin Hemani, jointly and severally, for $1,265,213.84.  The motion for default judgment is denied with respect to Mohammed Hemani.  Plaintiff shall have 30 days from the entry of this Court's Order to serve Mohammed Hemani with the Summons and Complaint.  An Order accompanies this Opinion.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**